Dear Mr. Dees:
You have requested an opinion from the Attorney General relative to the legal authority for the Lake Charles Harbor 
Terminal District ("District") to expend its public funds to host a dedication ceremony for a newly completed $19 Million Dollar dock, wharf and transit shed. Due to increased cargo and business at the District over the past several years, the District commenced and is now in the process of completing the dock, wharf and 75,000 square foot transit shed project which will expand business opportunities for the Port.
As you are aware, the District constitutes a political subdivision of the state pursuant to Article VI, Sections 43 and44(2) of the 1974 Louisiana Constitution. Board ofCommissioners of the Port of New Orleans, et al. v. LouisianaCommission on Ethics for Public Employees, 416 So.2d 231
(La.App. 1st Cir. 1982), Rehearing Denied.
As a political subdivision, it possesses those powers conferred by our state constitution and laws. There is no question that the funds appropriated to, and generated by, the District through the exercise of its constitutional and statutory powers and authority, constitute public funds, the expenditure of which is governed and controlled by pertinent constitutional and statutory provisions.
The rights and powers of the District are specifically designated in R.S. 34:203. As stated therein, the District's primary function is to regulate the commerce and traffic of the Port in a manner that is conducive to the effective maintenance and development of the Port and its commerce. It has the corresponding duties to see that the infrastructure comprising the District's facilities (e.g., wharves, docks, sheds, landings, locks, canals and basins) are adequately constructed and maintained. The expenses related to the performance of these services are financed through the District's authority to set, charge and collect fees, rates and tariffs from the users of its facilities and services.
The revised statutes also authorize the District, as well as parishes and municipalities, to promote the development of the industry within their jurisdiction. R.S. 51:1201 provides:
 § 1201. Promotion by parishes, municipalities, and port authorities.
 A. The parishes, municipalities, and port authorities created in accordance with the constitution and laws of the state of Louisiana are hereby authorized to promote the development of industry within and for their respective jurisdictions and to associate with one or more parishes, municipalities, or port authorities for the purpose of promoting industry within the area of the several political subdivisions joined together or associated for this purpose. To this end, parishes, municipalities, and port authorities may advertise through the various news media and may establish and become members in councils chartered by the state as nonprofit corporations solely for the purpose of industrial development.
 B. Such councils shall be governed by boards comprised of members appointed by the governing authorities of the participating political subdivisions and shall make public their expenditures for advertising and promotion by means of annual reports audited by a certified public accountant.
 C. Parishes, municipalities, and port authorities may appropriate and expend public funds in the furtherance of the promotion of industry either directly or by membership in the aforesaid councils.
As can be gleaned from the above, the legislature has granted port authorities, such as the District, the authority to expend public funds in the furtherance of the promotion of industry, either directly, or by membership in specifically designated and chartered nonprofit corporations/councils.
The Office of the Attorney General has historically opined that, absent statutory authorization, the payment of, or reimbursement for, meals and/or foods served in conjunction with parties and other types of celebratory functions, from public funds, is improper under Article VII, Section 14 of the Louisiana Constitution of 1974. Attorney General Opinion Nos. 94-115, 91-589 A, 77-1494 and 76-1680. However, we find the expenditure contemplated in your request to be distinguishable.
As previously noted, the District is statutorily authorized to expend public funds in the furtherance of the promotion of industry and its facilities. Pursuant to this authority, the District is currently in the completion phase of a major renovation to its infrastructure. A dedication ceremony, not for the District's employees or the public, in general, but rather for the District's customers, public officials and local business leaders, all having interests in the affairs of the District, serves the public purpose of familiarizing those who have official business with the District with the newly constructed facilities.
We, therefore, conclude that the use of public funds to fund the dedication ceremony is authorized by R.S. 51:1201, and is not repugnant to the provisions of Article VII, Section 14. As previously discussed by telephone, the expenditures should be reasonable in nature. This opinion is limited in its scope to apply only to the dedication ceremony which is the subject of your request.
Further, we recommend that you contact the State's Ethics Commission at (504) 765-2308 to insure that the provisions of the Ethics Code do not prohibit the proposed expenditures.
Trusting that this answers your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________ ROBERT E. HARROUN, III Assistant Attorney General